```
 9   297
30   318
```

## GEORGE WILLIS *v.* THE STATE.

JURY LAW — CHALLENGE FOR CAUSE. — The provision of the Revised Statutes (art. 3012) which disqualifies a petit juror who has served as such in "a former trial of the same, or of another case involving the same questions of fact," applies in criminal as well as civil cases. It is futile for such a juror to profess impartiality.

APPEAL from the County Court of Gregg. Tried below before the Hon. L. G. JACKSON, County Judge.

*A. J. Burke*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

HURT, J. The appellant was convicted of the offence of adultery. It appears from the record that one Jennie Roland had been put upon trial at the same term of the court for living in adultery with the appellant, it being the same transaction, or the counterpart of the offence for which appellant was convicted; that there was a mistrial in the case, and that the clerk prepared a list containing the names of the six jurors empanelled in the Roland case. These six were challenged by appellant, and the court was requested to fill their places with talesmen, which motion was overruled, and appellant was required to pass upon the twelve, the six mentioned composing a part thereof; to which the appellant

excepted, as appears by bill.   After having exhausted appellant's peremptory challenges, there remained on the jury one of the six who composed the Roland jury.   In explanation of the ruling of the court, the presiding judge appends to the bill of exceptions the following : " That both State and defendant's counsel were permitted to ask each and all the regular panel of jurors the questions laid down in the statute, and as many of the jurors as disqualified themselves by their answers were stood aside and their places filled by talesmen."

Notwithstanding one of the jurors had heard all the evidence sworn to in the Roland case, the same being fully discussed (there being a mistrial), yet he *believed* that he could fairly and impartially try the case ; that the evidence and discussions attending a mistrial would not influence him in his action in finding a verdict.   The court below, believing that the juror had the ability to discard from his mind the conclusions formed from such sources, ruled that he was a competent juror.

Our Revised Statutes will not permit us to have such confidence in jurors.   By art. 3012, Revised Statutes, " any person who has sat as a juror in a former trial of the same case, or of another case involving the same questions of fact, is disqualified."   This rule obtaining in civil cases, much more should it prevail in criminal cases.   *Dunn* v. *The State*, 7 Texas Ct. App. 600.

No case could arise which would more imperatively demand the application of this rule than the one under consideration.   Suppose the juror to have been in favor of conviction in the Roland case ; who would be willing to be tried by him under such circumstances?   To require a citizen to be tried by such a juror would be a judicial monstrosity. The juror Campbell being incompetent, the appellant should not have been forced to be tried by him.   The challenge for cause should have been sustained, not only as to him, but to the entire jury that tried Jennie Roland.

The objections to the indictment are not well taken. There are no other points we deem necessary to consider. For the error in the formation of the jury, the cause is reversed and remanded.

*Reversed and remanded.*